278 P.2d 983

**Byron R. GRIFFITHS, Plaintiff and Respondent,**

v.

**Shirley GRIFFITHS, Defendant and Appellant.**

No. 8154.

Supreme Court of Utah.

Jan. 20, 1955.

A. W. Sandack, Salt Lake City, for appellant.

Mary J. Condas, Joe P. Bosone, Salt Lake City, for respondent.

McDONOUGH, Chief Justice.

In an action for divorce, the husband, plaintiff below, prevailed despite the contest of the wife, who sought to avoid a divorce and continue the marriage status. The trial court, although awarding the husband the divorce, granted alimony of $50 a month to the wife.

Plaintiff and defendant were married one day before he was inducted into the army in 1943 and since that time have lived together only about six months—two periods of about 90 days each and one period of about 10 days before he went overseas. Their first union for any length of time during this marriage occurred in 1946, when the plaintiff was discharged from the service, although he had previously written her asking for a divorce. During these three months, plaintiff complains, that defendant was of a quarrelsome disposition; that she nagged him and falsely accused him of "laying around," rather than getting out and getting a job immediately upon his discharge; that she was, without cause, unreasonably suspicious of his conduct; that she searched his pockets; that when she discovered a telephone number in his pockets, she called and berated whoever answered the phone; that she embarrassed him by open criticism of his friends in their presence; that she was generally so disagreeable, quarrelsome and critical of him and he found it so intolerable that he sought escape therefrom by re-enlisting in the Army.

Upon his re-enlistment, plaintiff was stationed at Camp Lee, Virginia, and although he wrote letters of an apparently affectionate tenor to her, failed to obtain living quarters where defendant could join him. In 1947, she wired him that she was coming to join him, but when she arrived, she discovered him living in the same house with another woman and holding that woman out to all his acquaintances as his wife. Upon his offering to send the other woman out of town, she apparently forgave him, and the two began living together as man and wife. While they were together, again for the short period of 90 days, plaintiff testifies that defendant resumed the conduct of

which he complains and that they spoke to each other only in monosyllables, if at all. Defendant, on the other hand, states that this was a period of happiness for them. Plaintiff testifies that this was a trial period which defendant admitted had failed and that defendant returned to Salt Lake City because of this failure, agreeing to obtain a divorce. Defendant states that she left Virginia for health reasons, but admits that she first procured a written statement from plaintiff that he would not use her leaving as evidence in divorce proceedings on the ground of desertion. Since 1947, correspondence between the two has been cold, some of plaintiff's letters again requesting a divorce. Defendant made an attempt to prove that plaintiff did not discontinue his relationship with the other woman, but the proof falls far short of being conclusive and consists only in two letters. The first she discovered sealed, addressed to this woman, during the time she was living with plaintiff in Virginia. It is as reasonable that this letter from plaintiff was to conclude the relationship as to continue it. The second was a letter addressed to Mr. and Mrs. Griffiths from some one in Virginia containing the salutation, "Dear By and LaVerne," Mrs. Griffith's name being Shirley. This, too, can be explained as a letter from one who did not know of the discontinuation of the relationship.

The husband brought action for divorce on grounds of mental cruelty and the wife's answer denied the specific acts of cruelty and set up plaintiff's behavior as a defense.

On appeal, the defendant argues the doctrine of recrimination as a bar to plaintiff's action for divorce. The trial court found that there had been condonation of plaintiff's adulterous conduct and that such conduct had not thereafter revived. If this ruling is correct, there is no need to examine the status of the doctrine of recrimination in this jurisdiction, for condonation would bar the offense as a recriminatory defense as well as grounds for divorce action. Jones v. Jones, 18 N.J.Eq. 33, 90 Am.Dec. 607.

 Adultery is a condonable offense, Klekamp v. Klekamp, 275 Ill. 98, 113 N.E. 852, Ann.Cas.1918A, 663, as is likewise cruelty, Farley v. Farley, 278 Mich. 361, 270 N.W. 711, 109 A.L.R. 678. There is no question here as to knowledge of the parties of the offenses committed nor any difficulty in applying an implication of forgiveness from the cohabitation of the parties and both parties testified vaguely that the object of the cohabitation was an attempt to reconcile their differences. The trial court was justified in finding that there was condonation at the time that Mrs. Griffiths began living with Mr. Griffiths in Virginia.

"Condonation of the violation of the marital duties and obligations is conditioned on the future good conduct of the offending spouse, and a subsequent offense on his or her part revokes or nullifies the condonation and revives the original offense as a cause for divorce. In other words, condonation

ceases to be a defense to a divorce suit where the condoned offense is repeated. The general rule is that to constitute a revival of the condoned offense, the offending spouse need not be guilty of the same character or degree of offense as that condoned; any misconduct is sufficient which indicates that the condonation was not accepted in good faith and upon the reasonable conditions implied." 17 Am.Jur., Divorce and Separation, sec. 213.

Although Mrs. Griffiths, in defending the action brought by her husband, denied that there were any acts of cruelty on her part after the reconciliation, Mr. Griffiths testified that her former conduct continued. Where the testimony of the parties is in conflict, the findings of the lower court will be upheld in an equity case, unless clearly against the weight of the evidence. Alldredge v. Alldredge, Utah, 229 P.2d 681. The trial court found that there was dissension between the parties because of defendant's acts and words, which is augmented by implications arising from the subsequent behavior of the parties. There was no evidence of a continuation of plaintiff's wrongs nor of any new offenses. Thus, the question to be determined is whether the evidence of cruelty charged by plaintiff during the entire marriage was sufficient to sustain the granting of a decree to the husband.

We see no reason for reviewing the specific acts of mental cruelty alleged and testified to by the plaintiff. Suffice it to say that the trial court found that because of defendant's nagging, abusive treatment, undue suspicion, and ungovernable temper that plaintiff was caused to leave the house on several occasions and finally re-enlisted in the army to escape the mental suffering incurred by reason of his life with defendant. The defendant admits that there were arguments in the home, but alleges that these were provoked by plaintiff's rowdy, erratic behavior. Of course, provocation is a material fact for consideration in determining whether the conduct of the defending spouse constituted cruelty, but it must be remembered that defendant testified that plaintiff treated her with kindness and that she had no complaint against him after she had condoned his previous acts.

The trial court left each party to bear his own costs and attorney's fees, but under the facts of this case, where it appears that the husband is better able to bear the costs of the divorce, and no gross or immoral conduct has been proved against the defendant, the wife, although the losing party, should be allowed suit money. Alldredge v. Alldredge, supra.

The decree of divorce is affirmed and the case is remanded for the purpose of awarding the defendant reasonable counsel fees in accordance with evidence to be adduced. Costs on appeal to the appellant.

CROCKETT, WADE, HENRIOD, and WORTHEN, JJ., concur.